## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TAVIS JOSEPH                                                   CIVIL ACTION

VERSUS                                                        NO. 21-441

DARREL VANNOY, WARDEN                                         SECTION "D"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. ***See* 28 U.S.C. § 2254(e)(2)**.[1]

## I.    Factual and Procedural Background

Petitioner Tavis Joseph ("Joseph") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On February 20, 2014, Joseph and two co-defendants, Jeremy R. Coleman and Irvin Harris, were indicted by a Jefferson Parish Grand Jury for second degree murder of Nikiayh Westerfield and Dave Harrison, along with four other counts against Coleman, Harris, Edward Harris, and Kanetra T. Whyte that did not involve Joseph.[3] Joseph entered a plea of not guilty to the count against him on March 6, 2014.[4]

The record reflects that, on August 13, 2013, Jefferson Parish Sheriff's Deputies were called to the scene of a shooting in the 4000 block of Paige Jeannette Drive in the Woodmere

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] ECF No. 1.

[3] St. Rec. Vol. 1 of 11, Indictment, 2/20/14; *id*., Grand Jury Return, 2/20/14.

[4] *Id*., Minute Entry, 3/6/14.

Subdivision in Harvey, Louisiana.[5]    When the deputies arrived, they found two victims, Westerfield and Harrison, in a Chevy Blazer parked on the street.  Westerfield was in the driver's seat, and Harrison was in the backseat on the passenger side.  Both men had suffered multiple, fatal gunshot wounds.

At the scene outside of the vehicle, deputies recovered ballistics material, a red Nike sandal, and a cell phone, which they later determined belonged to Harris.  Inside of the vehicle, the deputies found three clear bags of marijuana, a wooden rosary, and two guns (a Kimber .40 caliber semiautomatic firearm and a Colt .38 caliber revolver).  They also noticed a blood transfer on the front passenger seat that suggested to them that another person had been in the vehicle.

While at the scene, deputies were notified that a shooting victim, later identified as Jeremy Coleman, had been brought to West Jefferson Hospital.  The officers determined that Coleman arrived at the hospital minutes after the shootings in a black SUV with two individuals, later identified as Harris and codefendant Joseph.

The cell phones found by deputies contained calls logs and text messages from which deputies determined that Coleman planned to purchase marijuana from Westerfield.  The men corresponded about a price and a meeting place.  The text messages and phone calls between Westerfield and Coleman established that they were communicating within a half hour or so just before the shooting.

In addition, deputies located photographs and videos on the phones.  Some of the photographs showed Coleman wearing a rosary that appears to be the same rosary that was found

---

[5] The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *State v. Joseph*, 208 So. 3d 1036, 1049-42 (La. App. 5th Cir. 2016); St. Rec. Vol. 2 of 11, 5th Cir. Opinion, 16-KA-349, at 2-5, 12/14/16.

2

in the car on Westerfield's lap.  There also were pictures and videos of Harris armed with a Glock

handgun, which was stolen, and Coleman armed with a Kimber firearm.

Joseph was separately tried by a jury on July 27 through 30, 2015, and was found guilty of

two counts of second degree murder.[6]  The state trial court denied Joseph's motions for new trial

and for post-verdict judgment of acquittal.[7]  On February 3, 2016, the court sentenced Joseph to

serve two life sentences without benefit of parole, probation, or suspension of sentence.[8]

On direct appeal, Joseph's retained counsel asserted the following errors:[9] (1) the verdict

was contrary to the law and evidence; (2) the state trial court erred by denying the motion for post-

verdict judgment of acquittal; (3) the state trial court erred by denying the motion for new trial;

and (4) the state trial court erred by denying the motion in limine to prohibit introduction of other

crimes evidence.   On December 14, 2016, the Louisiana Fifth Circuit affirmed Joseph's

convictions finding the claims meritless.[10]

On April 7, 2017, the Louisiana Supreme Court denied Joseph's counsel-filed writ

application without stated reasons.[11]  Joseph's convictions and sentences were final 90 days later,

on July 6, 2017, because he did not file for review with the United States Supreme Court. *Ott v.*

*Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States

---

[6] St. Rec. Vol. 1 of 11, Trial Minutes, 7/27/15; *id*., Trial Minutes, 7/28/15; *id*., Trial Minutes, 7/29/15; *id*., Trial Minutes, 7/30/15; *id*., Verdict Form, 7/30/15; St. Rec. Vol. 6 of 11, Trial Transcript, 7/28/15; St. Rec. Vol. 7 of 11, Trial Transcript (continued), 7/28/15; *id*., Trial Transcript, 7/29/15; St. Rec. Vol. 8 of 11, Trial Transcript (continued), 7/29/15; *id*., Trial Transcript, 7/30/15.

[7] *Id*., Motion for New Trial, 8/12/15; *id*., Supplemental Motion for New Trial, 1/8/16; *id*., Sentencing Minutes, 2/1/16; *id*., Motion for Post-Verdict Judgment of Acquittal, 8/12/15; *id*., Trial Court Order, 2/3/16; *id*., Sentencing Minutes, 2/3/16; St. Rec. Vol. 9 of 11, Sentencing Transcript, 2/1/16; *id*., Sentencing Transcript, 2/3/16.

[8] St. Rec. Vol. 1 of 11, Sentencing Minutes, 2/3/16; St. Rec. Vol. 9 of 11, Sentencing Transcript, 2/3/16.

[9] St. Rec. Vol. 9 of 11, Appeal Brief, 16-KA-349, 8/15/16.

[10] *Joseph*, 208 So. 3d at 1036; St. Rec. Vol. 2 of 11, 5th Cir. Opinion, 16-KA-349, 12/14/16.

[11] *State v. Joseph*, 218 So. 3d 109 (La. 2017); St. Rec. Vol. 2 of 11, La. S. Ct. Order, 2017-K-0077, 4/7/17; St. Rec. Vol. 11 of 11, La. S. Ct. Writ Application, 17-K-77, 1/12/17.

Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Six months later, on January 16, 2018, Joseph signed and submitted an application for post-conviction relief to the state trial court asserting four claims of ineffective assistance of counsel.[12] After receiving a response from the State,[13] on May 9, 2018, the state trial court denied Joseph relief finding his claims meritless under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and related case law.[14]  For some unapparent reason, the state trial court did not provide Joseph with a copy of its ruling until August 26, 2019, after being compelled to do so by the Louisiana Fifth Circuit.[15]

On November 4, 2019, the Louisiana Fifth Circuit denied Joseph's related writ application finding no error in the trial court's ruling.[16]  On August 14, 2020, the Louisiana Supreme Court denied Joseph's related writ application holding that he failed to prove ineffective assistance of counsel under *Strickland*.[17]

In the meantime, on May 6, 2020, Joseph filed a second application for post-conviction relief with the state trial court challenging the constitutionality of his non-unanimous jury verdict under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020).[18]  The state trial court denied relief finding that

---

[12] St. Rec. Vol. 2 of 11, Post-Conviction Application, 1/25/18 (dated 1/16/18); *id.*, Memorandum in Support, 1/25/18.

[13] *Id.*, State's Response, 4/30/18; *id.*, Trial Court Order, 2/8/18.

[14] *Id.*, Trial Court Order, 5/9/18.

[15] *State ex rel. Joseph v. State*, No. 19-KH-300, 2019 WL 3679642, at *1 (La. App. 5th Cir. Aug. 6, 2019); St. Rec. Vol. 2 of 11, 5th Cir. Order, 19-KH-300, 8/6/19; *id.*, Service Copy and Affidavit, 8/26/19; St. Rec. Vol. 10 of 11, 5th Cir. Writ Application, 6/25/19 (dated 6/19/19).

[16] St. Rec. Vol. 2 of 11, 5th Cir. Order, 19-KH-444, 11/4/19; St. Rec. Vol. 10 of 11, 5th Cir. Writ Application, 19-KH-444, 9/18/19 (efiled 9/17/19).

[17] *State v. Joseph*, 300 So. 3d 824 (La. 2020); St. Rec. Vol. 3 of 11, La. S. Ct. Order, 2019-KH-1989, 8/14/20; St. Rec. Vol. 11 of 11, La. S. Ct. Writ Application, 19-KH-1989, 12/17/19 (efiled 12/12/19).

[18] St. Rec. Vol. 2 of 11, Application for Post-Conviction Relief, 5/11/20 (dated 5/6/20); Memorandum in Support, 5/11/20.

the *Ramos* decision did not retroactively apply to final convictions.[19]  The Louisiana Fifth Circuit denied Joseph's subsequent writ application on the showing made.[20]  The Louisiana Supreme Court denied his related writ application without stated reasons.[21]

## II.    Federal Petition

On March 2, 2021, the clerk of this Court filed Joseph's federal petition for habeas corpus relief in which he asserted the state courts unreasonably denied him relief on his claim challenging his non-unanimous jury verdict under *Ramos*.[22]  The State filed a response in opposition asserting that Joseph's federal petition should be dismissed as untimely filed.[23]  Alternatively, the State argues that the claim is without merit because the law at the time of his conviction allowed for non-unanimous verdicts, citing *Apodaca v. Oregon*, 406 U.S. 404 (1972).

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to Joseph's petition, which is deemed filed in this Court under the mailbox rule on March 2, 2021.[25]  The threshold questions on habeas review under the amended

---

[19] St. Rec. Vol. 3 of 11, Trial Court Order, 5/27/20.

[20] St. Rec. Vol. 3 of 11, 5th Cir. Order, 20-KH-256, 8/14/20; St. Rec. Vol. 10 of 11, 5th Cir. Writ Application, 20-KH-256, 8/10/20 (dated 8/5/20).

[21] *State v. Joseph*, 308 So. 3d 706 (La. 2021); St. Rec. Vol. 3 of 11, La. S. Ct. Order, 2020-KH-1293, 1/12/21; St. Rec. Vol. 11 of 11, La. S. Ct Writ Application, 2020-KH-1293, efiled 9/2/20.

[22] ECF No. 1 at 4; ECF No. 1-1 at 7.

[23] ECF No. 14.

[24] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Joseph's pleadings indicate that he delivered the petition and related pleadings, including the pauper application, to the prison legal department on March 2, 2021, for electronic delivery to this court, which was done the same day.  ECF No. 2, at 1.

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts Joseph's federal petition was not timely filed under the AEDPA. However, the State's limitations discussion and calculation is untrustworthy and fails to properly apply matters of equity and the mailbox rule applicable to his state court pleadings. Nevertheless, pretermitting a limitations discussion, there is no doubt that Joseph's federal habeas petition fails to present a meritorious constitutional claim or unreasonable ruling by the state courts for this Court grant federal habeas relief. His petition should be dismissed with prejudice for that reason.

## IV.    Standards of a Merits Review

The standard of review under the AEDPA is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference

be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 572 U.S. at 426-27; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id*. "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford*

7

*v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V.    Non-Unanimous Jury Verdict

Joseph asserts that the non-unanimous verdict returned at his trial in 2015 was unconstitutional based on the Supreme Court's decision in *Ramos*.[26] The State contends that the denial of relief by the state courts was proper because there was no law compelling the use of a unanimous verdict at the time of Joseph's conviction.[27]

Joseph was convicted as charged on both counts of second degree murder by a 10 to 2 guilty verdict on July 30, 2015.[28] He challenged his non-unanimous verdict in the state courts for the first time in his second application for post-conviction relief. The last reasoned state court decision was that of the Louisiana Fifth Circuit on August 14, 2020, which denied him relief

---

[26] ECF No. 1, 1-1.
[27] ECF No. 14.
[28] St. R. Vol. 8 of 11, Trial Transcript, at 122, 7/30/15.

8

finding that *Ramos* decision applied its holding only to non-final convictions and the recent legislative changes to the Louisiana Constitution were prospective only.[29]

Joseph's challenge to the constitutionality of his verdict and Louisiana law on non-unanimous jury verdicts presents a pure question of law. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Thus, Joseph may obtain federal habeas corpus relief only if the state courts' decision was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent.

The AEDPA deferential standard requires this Court to apply law that was clearly established "at the time the conviction becomes final." *Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) (citing *Williams*, 529 U.S. 380-81). As calculated and explained previously, Joseph's conviction was final on July 6, 2017, when he did not file an application for writ of certiorari with the United States Supreme Court within ninety (90) days after the Louisiana Supreme Court denied his post-appeal writ application on April 7, 2017. At that time, the clearly established United States Supreme Court precedent applicable to Joseph's claim was directly contrary to his argument.

In *Apodaca v. Oregon*, 406 U.S. 404 (1972), and *Johnson v. Louisiana*, 406 U.S. 356 (1972), the United States Supreme Court upheld the constitutionality of state laws, including Louisiana's law, that permitted criminal defendants to be convicted by less than unanimous jury votes. While the Supreme Court itself has described the *Apodaca/Johnson* holding as "the result of an unusual division among the Justices," it also made clear at that time that "although the Sixth Amendment right to trial by jury requires a unanimous verdict in federal criminal trials, it does not

---

[29] St. Rec. Vol. 3 of 11, 5th Cir. Order, 20-KH-256, 8/14/20.

require a unanimous verdict in state criminal trials." *McDonald v. City of Chicago*, 561 U.S. 742, 765 n.14 (2010) (citing *Apodaca*, 406 U.S. at 404 and *Johnson*, 406 U.S. at 356).

In the habeas corpus context, the United States Fifth Circuit Court of Appeals previously recognized that a prisoner's constitutional challenge to a state court conviction by a non-unanimous jury must be rejected under *Apodaca/Johnson* "because the Supreme Court 'has not held that the Constitution imposes a jury unanimity requirement.'" *Hoover v. Johnson*, 193 F.3d 366, 369 (5th Cir. 1999) (quoting *Richardson v. United States*, 526 U.S. 813, 821 (1999) and citing *Johnson*, 406 U.S. at 366). Thus, at the time of Joseph's conviction, the use of the non-unanimous verdict rule by the Louisiana court was not contrary or an unreasonable application of clearly established Supreme Court precedent existing at the time.

Joseph and the respondent each recognize that, following the finality of Joseph's conviction in 2017, the United States Supreme Court issued *Ramos*, 140 S. Ct. at 1407, finding that unanimity in jury verdicts is required under Sixth Amendment. However, on May 17, 2021, the Supreme Court also held in *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021), that "*Ramos* announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review." *Id*. at 1562. The *Ramos* decision, therefore, did not alter the application of the Supreme Court precedent existing at the time of Joseph's conviction under AEDPA review. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue.") (citing *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999), and *Ellis v. Collins*, 956 F.2d 76, 79 (5th Cir. 1992)).

In 2018, Louisiana voters approved an amendment to Article I, Section 17(A) of the Louisiana Constitution, to require unanimous jury verdicts in cases like this one. The state

constitutional amendment, however, is expressly limited to offenses "committed on or after January 1, 2019." Accordingly, it does not apply retroactively to Joseph's 2015 conviction.

For the foregoing reasons, based upon the law as it was at the time of his conviction and now, the state courts' denial of relief was not contrary to or an unreasonable application of Supreme Court law. Joseph is not entitled to federal habeas corpus relief on this claim.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Joseph's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 27th day of October, 2021.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.