UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAVIS JOSEPH                                                                          CIVIL ACTION

VERSUS                                                                                NO. 21-441

DARREL VANNOY, WARDEN                                                                 SECTION "D" (4)

ORDER AND REASONS

The Court, having considered *de novo* the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] Petitioner's Objections to the Report and Recommendation,[3] hereby overrules Petitioner's objections, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

I.     **PETITIONER'S OBJECTIONS**

On March 2, 2021, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[4] The Petition was referred to a United States Magistrate Judge to conduct hearings, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636 and Rule 8(b) of the Rules Governing Section 2254 cases. Thereafter, the State filed an Answer.[5] On

---

[1] R. Doc. 1.
[2] R. Doc. 15.
[3] R. Doc. 16. Petitioner had 14 days after being served a copy of the Magistrate Judge's Report and Recommendation to file objections. The Report and Recommendation was filed on October 27, 2021. In light of Petitioner's pro se status, the Court determines that Petitioner's Objections filed on November 17, 2021 were timely and the Court therefore addresses those objections.
[4] R. Doc. 1.
[5] R. Doc. 14.

October 27, 2021, the United States Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.[6] Petitioner then filed Objections to the Magistrate Judge's Report and Recommendation.[7]

In his Objections, Petitioner generally restates the claim made in his Petition, namely, that the nonunanimous verdict rendered in his case is unconstitutional in light of the U.S. Supreme Court's ruling in *Ramos v. Louisiana* and in light of the passage of Amendment 2 to the Louisiana state constitution.[8]

## II.   LAW AND ANALYSIS

This Court fully adopts the standard of review as enunciated by the Magistrate Judge.[9] The Court has undertaken a *de novo* review of the record before concluding that adoption of the Magistrate Judge's Report and Recommendation is appropriate.

### A. Petitioner's Objection to the Magistrate Judge's Report and Recommendation

Petitioner's Objection to the Magistrate Judge's Report and Recommendation repeats the same argument made in his Petition, specifically that the nonunanimous verdict rendered in his case is unconstitutional in light of the U.S. Supreme Court's ruling in *Ramos v. Louisiana*.[10] Petitioner explains that at the time he challenged his nonunanimous jury verdict, *Ramos* had not yet been decided and that he was forced to instead rely on precedent established by the Louisiana state courts, specifically the

---

[6] R. Doc. 15.
[7] R. Doc. 16.
[8] 140 S. Ct. 1390 (2020).
[9] R. Doc. 15 at 6-8.
[10] R. Doc. 16.

11th Judicial District Court's decision in *State v. Maxie*.[11] The U.S. Supreme Court held in *Ramos* that unanimity in jury verdicts is required under the Sixth Amendment.[12] However, on May 17, 2021, the Supreme Court also held in *Edwards v. Vannoy* that "Ramos announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review."[13] Accordingly, the U.S. Supreme Court's decision in *Ramos* does not apply retroactively to Joseph's 2015 conviction.

Plaintiff also argues that the State of Louisiana approved an Amendment to Article 1, Section 17(A) of the Louisiana Constitution in 2018 that required unanimous jury verdicts in cases such as this one.[14] However, this Amendment applies only to crimes "committed on or after January 1, 2019."[15] Accordingly, it does not apply retroactively to Joseph's 2015 conviction.

Following the Court's *de novo* review of the record, the Court overrules Petitioner's Objection. The Court is convinced that the Magistrate Judge's well-reasoned analysis in her Report and Recommendation is correct, and the Court adopts the Report as its own.

### B. Certificate of Appealability

Finally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a

---

[11] *Id.*
[12] 140 S. Ct. at 1407.
[13] 141 S. Ct. 1547, 1562 (2021).
[14] R. Doc. 16.
[15] *See* La. Const. Art. I, Sec. 17(A).

certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[16] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[17] "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."[18] After reviewing the record, and in light of jurisprudence clearly stating that *Ramos* "does not apply retroactively on federal collateral review,"[19] the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. The Court, therefore, denies Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Tavis Joseph's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

New Orleans, Louisiana, this 5th day of January, 2022.

                                                   */s/ Wendy B. Vitter*
                                              **WENDY B. VITTER**
                                              **UNITED STATES DISTRICT JUDGE**

---

[16] 28 U.S.C. § 2253(c)(2).
[17] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[18] *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997); *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).
[19] *Edwards v. Vannoy,* 141 S. Ct. 1547 (2021).